# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**MONIQUE SMITH,**

       Petitioner,

v.

**Civil Action No.:5:20-cv-256**
Judge Bailey

**B. ANTONELLI, Warden,**
**P. ADAMS, Warden**

       Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On December 15, 2020, Monique Smith, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction from the Eastern District of Tennessee. On December 19, 2020, the petitioner paid the $5 filing fee. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.    BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket and habeas docket available on PACER. See United States v. Smith, 3:11-cr-00194-14; Smith v. United States, 3:14-cv-01248 (ED TN). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On September 15, 2011 a federal grand jury in the Middle District of Tennessee indicted the petitioner and 16 others for numerous drug and firearm offenses. [Doc. 3]. The original indictment charged the petitioner with conspiracy to distribute and possess with intent to distribute various controlled substances, including not less than two hundred and eighty (280) grams of cocaine base, also known as crack cocaine, cocaine and marijuana. [Id. at 5-9]. By the time he proceeded to trial, the petitioner stood charged in the Third Superseding Indictment with the conspiracy charge (Count 1), the four counts of possessing crack cocaine with the intent to distribute (Counts 30, 36, 42 and 43), convicted felon in possession of a firearm (Count 32), and possession of a firearm in furtherance of a drug trafficking crime (Count 33). [Doc. 589].

Trial began on October 9, 2012. On October 15, 2012, the jury convicted the defendant on all counts. [Doc. 863]. On Count 1, the drug conspiracy count, the jury also returned a special finding that the conspiracy involved not less than 280 grams of crack cocaine, as well as cocaine and marijuana. [Doc. 863].

The petitioner's sentence was driven by the mandatory minimum penalties triggered by the offenses of conviction. On February 14, 2013 the district court sentenced the petitioner to the statutorily mandated life sentence on Count 1, plus the statutorily mandated 60 months on Count 33, 10 years of supervised release, and a $700 special assessment. [Doc. 1125]. Count 33 was ordered to be served consecutively to Count 1. The remaining counts were ordered to be served concurrently. This resulted in an effective sentence of life plus five years.

The petitioner's convictions were affirmed on appeal in the Sixth Circuit Court of

appeals. [Doc. 1829]. On January 20, 2015, the Supreme Court denied the petitioner's petition for writ of certiorari. [Doc. 1898].

On May 29, 2014, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence arguing that: (1) trial counsel was ineffective for (a) allowing him to plead guilty without advising him that he faced a life sentence and counsel's performance prejudiced him because he would have accepted a plea offer for a 120-month sentence had he known that he faced a life sentence, (b) not objecting to the improper enhancement of a sentence based on two prior state convictions, and (c) failing to challenge the 2,148.7 grams of cocaine attributed to him as relevant conduct because the amount was not presented in the indictment; and (2) appellate counsel was ineffective for failing to raise the above issues on appeal. In addition, the petitioner requested permission to file an out-of-time appeal to have his intended appellate issues addressed by the Court of Appeals. The government moved to dismiss the § 2255 motion. In response, the petitioner specified that trial counsel was ineffective for failing to challenge the enhancement of his sentence in light of Alleyne v. United States, 570 U.S. 99 (2013); Carachuri v. Holder, 560 U.S. 563 (2010); and Rashid v. Mukasey, 531 F.3d 438 (6th Cir. 2008). On October 23, 2014 the district court dismissed the action, denied the petitioner's request for an out-of-time appeal because he had already completed the appeal process and declined to issue a certificate of appealability. [Doc. 17].[2] On December 1, 2014, the petitioner filed a Notice of Appeal. [Doc. 26]. On May 7, 2015, the Sixth Circuit denied the petitioner's application for a certificate of appealability. [Doc. 35]. On October 7, 2015, the Supreme Court denied his petition for writ of

---

[2] Document references in this section are taken from the petitioner's habeas case, Civil Action No. 3:14-cv-01248.

3

certiorari. [Doc. 37].

On May 16, 2016, the petitioner filed a memorandum in support of his § 2255 motion seeking application of the Supreme Court decision in Johnson v. United States, 576 U.S. 591 (2015). On November 22, 2016, the district court entered an Order noting that the petitioner had not obtained permission from the Sixth Circuit to file his pending request for relief. However, the district court further noted that even if the petitioner obtains such permission, his request for relief would be without merit. With respect to his Johnson claim, the same would not apply to reduce a sentence because his sentence was not based on the Armed Career Criminal Act or any statute or guideline containing language like that invalidated in Johnson. In addition, to the extent the petitioner was seeking to argue that his prior felony drug convictions no longer qualify for the Section 851 enhancement, based on Mathis v. United States, 136 S.Ct. 2243 (2016), the District Court declined to address such a claim because the petitioner failed to cite any support for the retroactive application of Mathis on collateral review. [Doc. 50].

On December 22, 2017 the petitioner filed a Motion to Vacate, Set Aside, or Resentence Under Rule 60(d)(3) and Grant Evidentiary Hearing. [Doc. 66]. It appears that motion may still be pending. However, on June 19, 2020, the petitioner filed a motion with the Sixth Circuit seeking leave to file a second or successive § 2255 petition. The petitioner indicated that he was entitled to relief under United States v. Davis, 139 S.Ct. 2319 (2019) and Rehaif v. United States, 139 S. Ct. 2191 (2019). [Doc. 100]. On October 27, 2020, the petition was denied because his claims did not rely on newly discovered evidence, and his claims did not rely on a new rule of

constitutional law that the Supreme Court has made retroactive to cases on collateral review. [Doc. 104].

### III. STANDARD OF REVIEW

A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.     CLAIMS OF THE PETITION

The petitioner alleges that he is under a sentence and conviction for a crime that he did not commit in light of Rehaif v. United States, 139 S.Ct. 2191 (2019). In addition, the petitioner relies on the Fourth Circuit decision in United States v. Medley, 828 Fed. Appx. 923 (4th Cir. Nov. 12, 2020)[3]. In essence, the petitioner argues that Government did not prove that he knew he belonged to the relevant category of persons barred from possessing a firearm. For relief, the petitioner requests that his conviction be vacated, and his sentence set aside.

## V.     APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions

---

[3] The Medley case was reopened on November 12, 2020, upon the grant of rehearing en banc. See Doc. 78 in Appellate Case No. 18-4789 (4th Cir.). On January 14, 2021, the case was placed in abeyance pending the decision in Greer v. United States, No. 19-9709 from the United States Supreme Court. Moreover, Medley was decided on direct appeal which has a different standard of review than either a § 2255 or § 2241.

pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit

---

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

7

has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Where, as here, a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## VI. ANALYSIS

Although the petitioner has raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

8

In Rehaif[5], the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2008) (citing United States v.

---

[5] Rehaif reversed and remanded a decision by the United States Court of Appeals on direct appeal.

Langley, 62 F.3d 1995), abrogated by Rehaif, 139 S.Ct. 2191). Therefore, the first prong of the Jones test is satisfied.

However, the petitioner cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Azar II, 2020, WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); Hoffman v. Breckon, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020); Swindall v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense and therefore he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 728-4989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019) see also Moss, 2019 WL 7284989, at *6-7.[6]

---

[6] Likewise, the Sixth Circuit has held that the "rule stated in Rehaif is a matter of statutory interpretation, not a "new rule of constitutional law." Khamisi-El v United States, 800 Fed. Appx. 344, 349 (6th Cir. 2020). Courts throughout the Sixth Circuit

Consequently, because the petitioner attacks the validity of his conviction and fails to establish that he meets all the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VII.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report

---

have recognized that Rehaif does not apply retroactively to cases on collateral review. See United States v. Conley, 5:10-CR-00490, 2020 WL 2933560 N.D. OH, June 3, 2020) (collecting cases). See also United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019) (refusing to adopt the defendant's argument that Rehaif requires the government to prove that a defendant specifically knew that he was prohibited from possessing firearms:

> [D]efendants appear to argue that even if they knowingly used marijuana, Rehaif requires something more: that the Government prove each defendant "knew he was **prohibited from possession** [of a firearm] because he was an unlawful user of controlled substance," that in other words he "knew of his status as **a prohibited person**….[i]t is at least plausible that that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use." Such knowledge, however, is not, and cannot be, what Rehaif requires.
>
> The defendants' reading of Rehaif goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. Rehaif did not graft onto 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

Bowens, 928 F.3d at 797 (emphasis in original; citation omitted).

and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED: February 4, 2021**

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE