## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**MONIQUE SMITH,**

        Petitioner,

v.                     **CIVIL ACTION NO. 5:20-CV-256**
                            Judge Bailey

**B. ANTONELLI,** Warden,
**P. ADAMS,** Warden**,**

        Respondents.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 4, 2021, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

Petitioner is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on December 15, 2020, pursuant to 28 U.S.C. § 2241. On February 14, 2013, petitioner was sentenced to life plus sixty-months after being convicted of several drug and firearm offenses, including being a convicted felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).[1]

In his memorandum of law in support of his petition, petitioner argues that he is actually innocent of being a felon in possession and possession of a firearm in furtherance of a drug trafficking offense based on the Supreme Court's holding in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). He contends that "the government failed to present evidence that Petitioner knew he belonged to the relevant category of persons barred from possessing a firearm," and, as such, the jury did not find each element of the crime charged. [Doc. 1-1 at 2].

On February 4, 2021, Magistrate Judge Mazzone filed his R&R. Therein, the magistrate judge found that the petition should be denied because petitioner is challenging the legality of his conviction but cannot meet the savings clause of § 2255(e). Specifically, petitioner cannot meet the three-pronged test set forth in *In re Jones* 226 F.3d 328, 332 (4th Cir. 2000), to show that § 2255 is "inadequate or ineffective." The R&R finds that even if petitioner could satisfy the first and third prongs, he cannot meet the second prong, which requires a showing that the substantive law has changed such that the conduct for which the prisoner was convicted is deemed not to be criminal.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

---

[1] Taken from Smith's criminal docket from the Central District of Tennessee, available on PACER. See *United States v. Smith*, 3:22-CR-194-14.

recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed a letter, styled as objections, which asks this Court to hold this matter in abeyance. [Doc. 13]. Petitioner also timely filed objections to the R&R [Doc. 14] on February 22, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

First, the Court turns to the Motion filed February 16, 2021. [Doc. 13]. While styled as "Re: Objections to Magistrate Judge _____ 02/04/2021 R&R," the letter raises no

objection to the R&R, and instead asks this Court to hold this matter in abeyance pending the outcome of two cases in front of the Supreme Court: **United States v. Gary**, 954 F.3d 194 (4th Cir. 2020), cert. granted, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021), and **United States v. Greer**, 798 F. App'x 483 (11th Cir. 2020), cert. granted, No. 19-8709, 2021 WL 77241 (U.S. Jan. 8, 2021). This Court has reviewed the Motion and finds no reason to hold this case in abeyance; accordingly, the Motion will be denied.

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; see also **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. **In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

**Poole**, 531 F.3d at 269 (quoting **In re Jones**, 226 F.3d at 333–34).

In Petitioner's Response to Report and Recommendation [Doc. 14], petitioner raises an objection to the R&R. Petitioner asserts that this Court should depart from the Sixth Circuit's holding that **Rehaif** is not a new rule of constitutional law. Presumably, petitioner

4

is arguing that this Court should find that he has met the third prong of *Jones*. This Court finds that such an objection does not affect the magistrate judge's analysis. The R&R found that "Even if the petitioner satisfied the first and third elements of *Jones*, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*." [Doc. 11 at 8]. Even construing petitioner's argument to be challenging the R&R's finding on the second prong of *Jones*, this Court finds this objection to be meritless: the conduct that forms the basis of petitioner's conviction remains a criminal offense. Accordingly, his objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation** [**Doc. 11**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 14**] are **OVERRULED** and petitioner's Motion [**Doc. 13**] is **DENIED**. The Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 2, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

5